Williams v. Romarm, S.A.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand eighteen.

PRESENT:
      JON O. NEWMAN,
      DENNIS JACOBS,
      ROSEMARY S. POOLER,
         Circuit Judges.

_____

NORMAN WILLIAMS, 5802 DADE STREET CAPITOL HEIGHTS, MD 20743 AS LEGAL REPRESENTATIVE OF J.H., DIANE HOWE, 1331 ALABAMA AVENUE, SE WASHINGTON, DC 20035 AS LEGAL REPRESENTATIVE OF J.H, JAMEL BLAKELEY, WASHINGTON, D.C., AND KEVIN ATTAWAY, WASHINGTON, D.C.,

    Plaintiffs-Appellants,

    -v.-                    17-3983

ROMARM, S.A., BD. TIMISORA NR. 5B, SECTOR BUCHAREST ROMANIA 061301,

    Defendant-Appellee.

_____

**FOR PLAINTIFFS-APPELLANTS:** Daniel Wemhoff, Law Office of Daniel Wemhoff, Arlington, VA. With Daniel Arshack, Arshack, Hajek & Lehman, New York, NY, on the brief.

**FOR DEFENDANT–APPELLEE:** Jeffrey M. Malsch (with Anthony M. Pisciotti and Danny C. Lallis, on the brief), Pisciotti Malsch, White Plains, NY.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, Ch.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Three shooting victims sue the gun manufacturer under a strict liability law enacted by the District of Columbia; and they appeal from an order of the United States District Court for the District of Vermont (Reiss, Ch.J.) dismissing their action for lack of subject matter jurisdiction. The district court held that the defendant, Romarm, which is wholly owned by the Romanian government, was immune from suit under the Federal Sovereign Immunities Act ("FSIA"). The plaintiffs also appeal from a subsequent order denying their motion pursuant to Federal Rule of Civil Procedure 59 to alter or amend the judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In two separate shootings in the District of Columbia, J.H. was killed, and Jamel Blakeley and Kevin Attaway sustained serious injuries. The firearm used in the shootings was manufactured by the defendant, Romarm, in Romania in the 1970s, and was sold to a dealer in 2006, which imported it to Vermont, whence it was sold to dealers in Ohio and Maryland, and then to an unidentified purchaser. The shootings took place in March 2010. The Amended Complaint does not allege how the firearm ended up in the District of Columbia in 2010 or who used it to shoot the plaintiffs.

2

J.H. (by his legal representatives), Blakeley, and Attaway brought claims pursuant to the District of Columbia Strict Liability Act:

> Any manufacturer, importer, or dealer of an assault weapon or machine gun shall be held strictly liable in tort, without regard to fault or proof of defect, for all direct and consequential damages that arise from bodily injury or death if the bodily injury or death proximately results from the discharge of the assault weapon or machine gun in the District of Columbia.

D.C. Code § 7-2551.02. The plaintiffs' claim is that Romarm is strictly liable for any damages caused to them by the shooting because Romarm manufactured the firearm that was used in the shooting and caused their injuries.

Romarm asserts immunity from suit because it qualifies as a foreign state under the FSIA and no exception is applicable in this case. The FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in federal court." Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 439 (1989). "Under the Act, a foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." Saudi Arabia v. Nelson, 507 U.S. 349, 355 (1993).

It is undisputed that Romarm qualifies as a foreign state and is therefore immune from suit unless an exception applies under the FSIA. The plaintiffs invoke the third clause of the commercial-activity exception in the FSIA:

> A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case . . . in which the action is based . . . upon an act outside the territory of the United States in connection with a

3

commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. § 1605(a)(2).

A "direct effect" under this clause must "follow[] as an immediate consequence of the defendant's . . . activity." Atlantica Holdings v. Sovereign Wealth Fund Samruk-Kazyna JSC, 813 F.3d 98, 108 (2d Cir. 2016) (internal quotation marks omitted). A consequence is "immediate" if there is no "intervening element" between the defendant's activity and the effect of that activity. Guirlando v. T.C. Ziraat Bankasi A.S., 602 F.3d 69, 74 (2d Cir. 2010). An effect "need not be either substantial or foreseeable;" but "[t]he requisite immediacy is lacking where the alleged effect depends crucially on variables independent of the conduct of the foreign state." Id. at 74-75 (internal quotation marks omitted). As the district court concluded, the plaintiffs have not demonstrated that their injuries followed as a direct effect of commercial activities by Romarm, namely, manufacture of the firearm.

After manufacture by Romarm in the 1970s, the firearm was imported from Romania into Vermont in 2006, where it was then sold to a Federal Firearm Licensee ("FFL") dealer in Ohio, which sold the firearm to another FFL dealer in Maryland, which re-sold it. The firearm ultimately ended up in the District of Columbia--though the plaintiffs do not allege how this happened--where it was used by an unidentified person to shoot J.H., Attaway, and Blakeley. The plaintiffs do not allege that any of these transactions were unlawful.

In any event, the use of the firearm to inflict harm by an unidentified person (or persons) is an intervening act and constitutes a "variable[] independent of the conduct of the foreign state." Guirlando, 602 F.3d at 75 (internal quotation marks omitted). Given that a third party used the firearm illegally to shoot the plaintiffs, the damages they suffered cannot be said to be the "immediate

4

consequence" of Romarm's commercial activity.  See Virtual Countries, Inc. v. Republic of South Africa, 300 F.3d 230, 237-38 (2d Cir. 2002) (finding that there was no direct effect where the alleged injury would not have occurred but for the actions of various third parties).

"[A] determination [that a tort's locus is the United States] will *ordinarily* be sufficient, if not invariably necessary, to confer FSIA jurisdiction under our precedents."  Atlantica Holdings, 813 F.3d at 109 (emphasis added).  However, "the mere fact that a foreign state's commercial activity outside of the United States caused physical or financial injury to a United States citizen is not itself sufficient to constitute a direct effect in the United States."  Guirlando, 602 F.3d at 78.  Where, as here, it is clear that the plaintiffs' injury was not the direct effect of the defendant's commercial activities, the FSIA does not confer jurisdiction over the suit even though the plaintiffs were injured in the United States.

The plaintiffs' likening of this case to cases involving defective products is misplaced.  In those cases, the defective manufacturing of the product had a direct effect in the United States because the product defect was the actual cause of the injury.  See, e.g., Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1545 (11th Cir. 1993) (holding that a complaint that alleged that the plaintiff suffered injuries in an automobile accident as a result of the defendant's negligent design and manufacture of the vehicle satisfied the direct effect test).  Here, there is no allegation that Romarm was negligent, or that the firearm was defective.  Plaintiffs allege that they were injured by the use of the product by an intervening actor, not by the manufacture.

On appeal, the plaintiffs also argue that subject matter jurisdiction exists under the first clause of the commercial-activity exception.  See 28 U.S.C. § 1605(a)(2). But that argument was not raised by the plaintiffs below in their opposition to Romarm's motion to dismiss and therefore was waived.  See Millea v. Metro-N. R.R. Co., 658

5

F.3d 154, 163 (2d Cir. 2011).  While the plaintiffs raised this argument in a Rule 59 motion before the district court after Romarm's motion to dismiss was granted, the district court ruled that the plaintiffs had no justification for failing to raise the argument earlier.  And, in any event, "[g]enerally, we will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration."  Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co., 762 F.3d 165, 188 (2d Cir. 2014) (internal quotation marks omitted).

We conclude that the plaintiffs' Rule 59 motion was properly denied.  We review the district court's decision to deny reconsideration for abuse of discretion. Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). The motion for reconsideration merely reiterated earlier arguments without "point[ing] to controlling decisions or data that the court overlooked" and raised new arguments that could have been raised in the opposition to the motion to dismiss. Id. (internal quotation marks omitted). The court therefore acted within its discretion when it denied the motion.

We have considered the plaintiffs' remaining arguments and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6